CHICAGO STADIUM CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20956.   Promulgated December 6, 1949.

*Emil N. Levin, Esq.,* and *Alexander Eulenberg, Esq.,* for the petitioner.

*Richard L. Greene, Esq.,* for the respondent.

892

OPINION.

Johnson, *Judge*: Petitioner's position is that the transaction by which it acquired its assets from Chicago Stadium Corporation (Illinois) constituted a "reorganization" under section 112 (b) (10), Internal Revenue Code,[1] and that accordingly the basis of those assets is the basis in the hands of the Illinois corporation under section 113 (a) (22).[2] Respondent determined that the transaction did not constitute a "reorganization" under section 112 (b) (10) and that therefore the basis of petitioner's assets should be predicated upon their cost to petitioner. Respondent's argument is that the continuity of interest in the business on "the part of those persons who were the owners of the enterprise prior to the reorganization" required by Regulations 111, section 29.112 (b) (10)–1,[3] is lacking here. Re-

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

 * * * * * * *

(b) EXCHANGES SOLELY IN KIND.—

 * * * * * * *

(10) GAIN OR LOSS NOT RECOGNIZED ON REORGANIZATION OF CORPORATIONS IN CERTAIN RECEIVERSHIP AND BANKRUPTCY PROCEEDINGS.—No gain or loss shall be recognized if property of a corporation (other than a railroad corporation, as defined in section 77m of the National Bankruptcy Act, as amended) is transferred, in a taxable year of such corporation beginning after December 31, 1933, in pursuance of an order of the court having jurisdiction of such corporation—

(A) in a receivership, foreclosure, or similar proceeding, or

(B) in a proceeding under section 77B or Chapter X of the National Bankruptcy Act, as amended,

to another corporation organized or made use of to effectuate a plan of reorganization approved by the court in such proceeding, in exchange solely for stock or securities in such other corporation.

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

 * * * * * * *

(22) PROPERTY ACQUIRED ON REORGANIZATION OF CERTAIN CORPORATIONS.—If the property was acquired by a corporation upon a transfer to which section 112 (b) (10) * * * is applicable, then, * * * the basis in the hands of the acquiring corporation shall be the same as it would be in the hands of the corporation whose property was so acquired * * *.

[3] SEC. 29.112 (b) (10)–1. * * *

 * * * * * * *

As used in section 112 (b) (10), the term "reorganization" is not controlled by the definition of "reorganization" contained in section 112 (g). However, certain basic requirements, implicit in the statute, which are essential to a reorganization under section 112 (g), are likewise essential to qualify a transaction as a reorganization under section 112 (b) (10). Among these requirements are a continuity of the business enterprise under the modified corporate form and a continuity of interest therein on the part of those persons who were the owners of the enterprise prior to the reorganization. * * *

spondent also maintains that the transaction does not meet the specific statutory requirement of section 112 (b) (10) that the property of the old corporation be transferred to the new corporation "in exchange solely for stock or securities" of the new corporation.

Dealing with respondent's second contention first, we think that, contrary to that contention, the transaction here in question is not barred from the coverage of section 112 (b) (10) by reason of the "solely for stock or securities" statutory requirement just cited. Section 112 (d) of the code specifically provides:

(d) SAME—GAIN OF CORPORATION.—If an exchange would be within the provisions of subsection (b) (4) or (10) of this section if it were not for the fact that the property received in exchange consists not only of stock or securities permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then—

(1) If the corporation receiving such other property or money distributes it in pursuance of the plan of reorganization, no gain to the corporation shall be recognized from the exchange, but

(2) If the corporation receiving such other property or money does not distribute it in pursuance of the plan of reorganization, the gain, if any, to the corporation shall be recognized, but in' an amount not in excess of the sum of such money and the fair market value of such other property so received, which is not so distributed.

Here, land, buildings, and fixtures which had been subject to the lien of the first mortgage made by the old Illinois corporation were transferred to petitioner, the new corporation. The first mortgage bondholders, who, as in *Helvering* v. *Alabama Asphaltic Limestone Co.*, 315 U. S. 179, may be treated as having become owners of the equity in the insolvent corporation from the date of the institution of bankruptcy proceedings, received in exchange for their first mortgage bonds second mortgage bonds of petitioner. To be sure, other property of the old corporation, not subject to mortgage, was exchanged for cash or other property than stock or securities in the new corporation. But under section 112 (d) the tax-free character of the insolvency reorganization is not destroyed in such case—assuming, of course, that this is otherwise a tax-free insolvency reorganization under section 112 (b) (10).

However, as already stated, respondent's primary argument is that the transaction here in question does not qualify as a reorganization under section 112 (b) (10) because it does not meet the "continuity of interest" requirement of Regulations 111, section 29.112 (b) (10)–1, cited above. Petitioner does not seriously dispute that that requirement is not met, and the facts could support no other conclusion. Here, as stated in our findings, the owners of the enterprise prior to the "reorganization," the stockholders of the old Illinois corporation, holding both preferred and common stock in the amounts of $2,495,000 and $500,000, acquired none of the stock or bonds issued by petitioner, and received none of the proceeds from the sale of those assets

of the Illinois corporation which were sold. The interests of such stockholders in the Illinois corporation were completely eliminated under the plan of reorganization and pursuant to the plan of reorganization such stockholders received no interest in petitioner. The entire issue of common stock of petitioner was sold instead to the underwriter, James Norris, for cash. Norris also purchased for cash the entire issue of first mortgage bonds of petitioner in the amount of $250,000. Nor did the holders of first mortgage bonds of the Illinois corporation, who, as we have said, may be treated as having become the owners of the equity in the insolvent corporation, receive any stock interest in petitioner. They received in exchange for their first mortgage bonds of the old corporation only second mortgage bonds of petitioner, thus becoming merely creditors of petitioner. Thus it is plain that the requirement of Regulations 111, section 29.112 (b) (10), that, in order to "qualify a transaction as a reorganization under section 112 (b) (10)" there be "a continuity of interest therein on the part of those persons who were the owners of the enterprise prior to the reorganization," is not met here.

Petitioner, however, bases its appeal from respondent's determination almost entirely upon an assault upon Regulations 111, section 29.112 (b) (10)–1, contending that the regulation, in so far as it purports to require a continuity of interest as between predecessor and successor corporations, is not a proper interpretation of section 112 (b) (10). We do not agree. The Senate Finance Committee Report on the Revenue Bill of 1943, S. Rept. No. 627, specifically says (p. 50) concerning section 112 (b) (10), which was first introduced with that bill:

* * * It is intended that only an actual reorganization of a corporation will be covered as distinguished from a liquidation in a bankruptcy proceeding and sale of property to either new or old interests supplying new capital and discharging the obligations of the old corporation. In other words, the type of transaction which was held not to be a reorganization under section 112 (g) (1) in the *Mascot Stove Co.* case (120 F. (2d) 153) or in *Templeton's Jewelers, Inc.* (126 F. (2d) 251) would likewise not be covered under these amendments. * * *

In *Mascot Stove Co.* v. *Commissioner* (C. C. A., 6th Cir., 1941), 120 Fed. (2d) 153, cited in the committee report, the stockholders in the old company, which had become bankrupt, were permitted to become stockholders in the new company, but it was held that the requisite continuity of interest was lacking, and that the stockholders did not receive an interest in the acquiring corporation in exchange for their interest in the transferor, since by virtue of the adjudication in bankruptcy the old stockholders had nothing to transfer. Here, the stockholders of the Illinois corporation had nothing to transfer, could receive nothing, and were not even permitted to become stockholders

in the new company. Hence, the absence of the requisite continuity is even more striking than in the *Mascot Stove Co.* case.

In *Templeton's Jewelers, Inc.* v. *United States* (C. C. A., 6th Cir., 1942), 126 Fed. (2d) 251, also cited in the committee report, the old corporation made an assignment of all of its property to a trustee for the benefit of creditors. The business was then operated temporarily by the president-majority stockholder, who borrowed sufficient money to complete a settlement with the creditors and thereafter acquired the assets from the assignee and transferred them to a new corporation. The new corporation assumed the debts of the old corporation to the nonconsenting creditors and employee-claimants of the old company received an insignificant amount of stock in the new company. Most of the stock was issued to the majority stockholder of the old corporation. The court followed the principles of the *Mascot Stove Co.* case, and noted that "90 per cent of the creditors were eliminated by the settlement made with new capital, and the remaining 10 per cent except for labor claimants in negligible amount, acquired no proprietary interest in the new corporation." In the case before us it is clear that there was a sale of property to new interests supplying new capital, the stockholders of the old company were eliminated, as were the second mortgage bondholders, and the first mortgage bondholders acquired no proprietary interest in the new corporation.

It is plain that both the *Mascot Stove Co.* and *Templeton's Jewelers, Inc.*, cases determined that the transactions involved did not constitute "reorganizations" primarily because the required continuity of interest was lacking, and that under the reasoning of those cases the transaction here involved similarly does not constitute a reorganization. The fact that those cases were cited by the Senate Finance Committee in its report, plus the language of that report as quoted above, can lead us to no other conclusion than that it was the legislative intent to include continuity of interest between predecessor and successor corporations as a requirement for a reorganization under section 112 (b) (10). Accordingly, Regulations 111, section 29.112 (b) (10)–1, in so far as it requires that continuity of interest, is entirely valid, and the transaction here in question, failing to meet this requirement, does not qualify as a reorganization under section 112 (b) (10). Therefore we have found as a fact that the basis of petitioner's assets for depreciation and equity invested capital purposes is as determined by respondent in the notice of deficiency, predicated upon the cost thereof to petitioner.

*Decision will be entered for the respondent.*